## MYERS *vs.* SEGARS.

[PETITION FOR REMOVAL OF GUARDIAN.]

1. *Waiver of objections by joinder in error.*—A motion to dismiss an appeal, on account of the failure of the clerk to certify that an appeal was taken, or that any security for the costs was given, comes too late after a joinder in error.
2. *Execution of bill of exceptions.*—Where a bill of exceptions is dated on the day on which, as it shows on its face, the cause was tried, it sufficiently appears to have been signed in term time, as required by the statute.
3. *What is revisable.*—The appellate court cannot revise the decision of the probate court on the facts of the case, unless the record sets out all the evidence that was before the probate court.

APPEAL from the Probate Court of Pike.

IN the matter of the petition of Mary J. Myers, by her next friend, for the removal of Hugh R. Segars from the guardianship of her property, on account of his failure to return an inventory of her property within the time required by law. The petition was filed on the 20th March, 1867; and the second Monday in April following, which was the 8th day of the month, and the first day of the regular term of the court, was appointed for the hearing; on which day, the cause was continued until the third Monday. On the hearing, the following bill of exceptions was reserved by the ward :

"In probate court for the county of Pike, at Troy, at an adjourned term held on the third Monday in April, 1867. Be it remembered, that on this, the 15th day of April, 1867,

the above stated case came on to be heard, upon the following petition," setting out a copy of it. "The parties appeared, by counsel, and the defendant pleaded the general issue; and upon which issue was joined. The petitioner then read to the court an order of this court, dated November 29, 1859, by which said Segars was appointed the guardian of the person and estate of said minor, and entered into bond and security for the proper discharge of his duties as such guardian; and then proved to the court, that said Segars had not returned into this court any inventory of the estate of his said ward, as required by section 2021 of the Code of Alabama, until the 14th day of October, 1861, when he made an annual settlement, as guardian as aforesaid; at which time, said Segars prayed that the account then rendered might be received and adopted as an inventory of the estate of his said ward, and which account was so received and adopted by the said court. The entire record of the court was in evidence. And this being all the testimony in the case, the petitioner, by her counsel, moved the court to remove the said Segars from said guardianship, and cause him to make final settlement of his guardianship; which the court refused to do, and dismissed the petition, at the costs of the petitioner; to which the petitioner excepted, and now assigns the ruling of the court as error, and prays that this her bill of exceptions may be signed and sealed by the court, and made part of the record; which is done, April 15, 1867."

(Signed)      D. W. SILER,

Probate Judge.

The decree dismissing the petition was the only matter assigned as error, and there was a joinder in error on the part of the appellee, who afterwards moved to dismiss the appeal, and, if that motion was overruled, to strike the bill of exceptions from the record. The cause was submitted on the merits at the same time.

W. C. OATES, for appellant.

J. D. GARDNER, contra.

BYRD, J.—1. The appellee moves to dismiss the appeal, on the ground that the clerk has not certified that any surety for costs of the appeal was given, or that any appeal was taken. The appellee having joined in the assignments of error, the motion must be overruled, under the authority of *Thompson v. Lee,* 28 Ala. 453.

2. The appellee also moves to strike the bill of exceptions from the record, on the ground that it does not appear to have been signed by the judge of probate in term time. We think that it sufficiently appears that the bill of exceptions was signed during the term at which the cause was tried ; and the motion must be denied.

3. The bill of exceptions states, that " the entire record of the court was in evidence"; but it is not set out in this transcript. In this state of the record, we cannot say that the court erred in the decree rendered.

Affirmed.